**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@bpmlaw.com
**Elissa M. Boyd, OSB No. 111679**
Email: eboyd@bpmlaw.com
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone: (503) 961-6338
Facsimile: (503) 961-6339

*Attorneys for Plaintiff Contractors Bonding and Insurance Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

**CONTRACTORS BONDING AND INSURANCE COMPANY**, An Illinois corporation,

Plaintiff,

vs.

**RADIAN CONSTRUCTION CORPORATION**, an Oregon corporation; **MICHAEL MARTYN**, an individual; **MARTYN PROPERTIES, LLC**, an Oregon LLC; and **PACIFIC RIM MARTIAL ARTS ACADEMY, LLC**, an Oregon LLC,

Defendants.

NO. 3:21-cv-00497

**COMPLAINT**

(Declaratory Judgment)

For its Complaint against defendants Radian Construction Corporation ("Radian"), Michael Martyn ("Martyn"), Martyn Properties, LLC ("Martyn Properties") and Pacific Rim Martial Arts Academy, LLC ("Pacific Rim"), Contractors Bonding and Insurance Company ("CBIC") alleges as follows:

/ / /

**PARTIES**

1. CBIC is an Illinois corporation with its principal place of business located in Illinois. At all relevant times, CBIC has been licensed and registered to write certain lines of insurance in Oregon.

2. Radian was at all times relevant an Oregon corporation with its principal place of business located in Portland, Oregon, and is now administratively dissolved.

3. Upon information and belief, Martyn Properties was at all times relevant an Oregon limited liability company with its principal place of business in Oregon.

4. Pacific Rim was at all times relevant an Oregon limited liability company with its principal place of business in Oregon.

5. Martyn is an individual who resides in Portland, Oregon.

**JURISDICTION AND VENUE**

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

7. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs because the Amended Underlying Counterclaims (defined below) demands $237,599.32 against Radian.

8. Venue is proper in this court under 28 U.S.C. § 1391(b) because at least one defendant is domiciled in this District and because a substantial part of the events giving rise to the claim occurred in this District.

**THE RELEVANT INSURANCE POLICY**

9. CBIC issued policy number D11PJ0137 to named insured Radian Construction Corporation with consecutive, annual policy periods from June 17, 2015 until June 17, 2018

(the "Policy").

10. The each-occurrence limit of insurance for the Commercial General Liability coverage part of the Policy is $1 million.

11. The Policy contains the following coverage grant:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

12. The Policy includes the following relevant exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement. . . .
>
> ***
>
> **j. Damage To Property**
>
> "Property damage" to:
>
> ***
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> **(6)** That particular part of any property that must be restored, repaired or replaced because "you work" was incorrectly performed on it.

***

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

13. The Policy contains the following relevant definitions:

***

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

***

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

***

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)** The providing of or failure to provide warnings or instructions.

14. The Policy contains endorsement CBIL 00 36 07 03, titled "Exclusion – Concurrent Causes." The exclusion states:

> This policy includes a number of exclusions and limitations, as well as separate endorsements which exclude or limit coverage for "bodily injury" or "property damage" arising out of particular causes listed within the endorsements.
>
> Any exclusion or limitation in this policy, including an exclusion or limitation contained in any endorsement to this policy, operates to exclude or limit coverage if an excluded cause or limitation plays any part in, or leads up to, the "bodily injury" or "property damage" regardless of:
>
> **1.** How minor the contribution of the excluded cause or limitation;
>
> **2.** Whether it contributes indirectly or concurrently with any other cause or limitation;
>
> **3.** The sequence of events;
>
> **4.** Whether there would otherwise be coverage for causes contributing to "bodily injury" or "property damage" if the particular excluded cause or limitation was not present.

15. The Policy contains endorsement CBGL 00 36 11 03, titled "Oregon - Special Condition Endorsement". The endorsement states:

> The following conditions for coverage are added to and form part of the policy:
>
> **1.** Certificates of insurance with limits of liability for each occurrence equal to or greater than those provided by this policy will be obtained from all

subcontractors prior to commencement of any work performed for the insured.

**2.** Insured will obtain hold harmless agreements from subcontractors indemnifying against all losses to the extent they arise out of the fault of the subcontractor or the subcontractor's agents, representatives or subcontractors.

**3.** Insured will be named as additional insured on all subcontractors general liability policies.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

16. All relevant policies contain endorsement CBGL 00 65 08 14, titled "Continuing or Progressive Injury or Damage Exclusion". The exclusion states:

> **Section I, Coverages, Coverage A., Bodily Injury and Property Damage Liability, 1., Insuring Agreement.,** Paragraph **b.(3)**, paragraph **c.**, and paragraph **d., d(1), d(2),** and **d(3)** are deleted and the following exclusion is added:
>
> This insurance does not apply to "bodily injury" or "property damage":
>
> **(1)** Which began or existed, or was alleged to have begun or existed prior to the policy period; or
>
> **(2)** Which was in the process of taking place or alleged to be taking place prior to the policy period, even if the actual or alleged "bodily injury" or "property damage" continues during the policy period; or
>
> **(3)** Which was caused by or alleged to have been caused by any defect or injury which existed prior to the policy period.
>
> All "property damage" within a single project or development shall be deemed to occur when the first "property damage" took place, even though the extent or nature of such damage may change.

17. CBIC incorporates the entire Policy as if stated in full and reserves the right to rely on any Policy term, condition or exclusion.

## COMMON ALLEGATIONS

18. On November 24, 2015, Radian and Martyn entered into a contract for Radian to perform tenant improvements on a commercial building located at 8970 SW Burnham Road,

Tigard, OR 97223 (the "Contract").

19. Radian used a number of subcontractors to perform work under the Contract including O'Rear Excavating, MCH Framing, MTZ Landscaping, Bruno's Concrete and Omni Interiors.

20. Upon information and belief, Radian did not obtain hold harmless agreements from all of the subcontractors that indemnified Radian against all losses to the extent they arise out of the fault of the subcontractor or the subcontractor's agents, representatives or subcontractors.

21. Upon information and belief, Radian was not named as an additional insured on all subcontractors' general liability policies.

22. On November 17, 2017, Radian filed a complaint in the Circuit Court of the State of Oregon, Washington County, against Martyn, Martyn Properties, Pacific Rim and others related to an alleged breach of the Contract. The lawsuit was titled *Radian Construction Corporation v. Michael Martyn, et al.* and was case number 17CV50743.

23. The *Radian* Complaint alleges that Martyn Properties has an ownership interest in the property and/or building at issue in the Contract.

24. The *Radian* Complaint alleges that Pacific Rim has an "estate" in the property and/or building at issue in the Contract "that is lesser than a fee interest" or that Pacific Rim has a lease on the property and/or building at issue in the Contract.

25. On December 20, 2017, Martyn filed Counterclaims against Radian in the *Radian* lawsuit (the "Underlying Counterclaims").

26. On or around January 2, 2018 Radian tendered the Underlying Counterclaims to CBIC.

27. Although it does not owe any defense, CBIC accepted the defense of Radian under a full reservation of rights on January 23, 2018.

28. Amended Counterclaims were filed by Martyn on June 20, 2018 (the "Amended Underlying Counterclaims").

29. The Amended Underlying Counterclaims allege that:

> Radian breached its contract by performing work improperly. Among other things, it performed landscaping, asphalt, concrete, and siding work improperly, including in a fashion that will inevitably lead to damage to the structure and components of it by water intrusion and/or lack of ventilation. Radian also breached its contract by failing to perform some contract work without offering a credit. Examples include screens around rooftop HVAC units and insulation in the roof of newly conditioned space. Windows are the wrong size and missing stops required for safety. A ground level door opens the opposite direction from how it was designed to be a handicap accessible entrance. A sliding door on the third floor opens in the opposite direction. Radian has also breached its contract by refusing to perform punch list work, and refusing to schedule punch list work that it has agreed to perform. . . .
>
> ***
>
> Radian's construction of the driveway / asphalt parking lot and its installation of siding were negligent, in the following respects:
>
> a. The concrete driveway and asphalt parking lot are designed to be six inches lower at the main entry to the building than they are as constructed, including the storm water drain in front of the main entry to the building. As constructed, if the storm water drain backs up, water will enter the building.
>
> b. The concrete driveway/sidewalk is sloped toward the building instead of away from it, causing water to run against the building and towards the building entry way.
>
> c. The siding was installed in a manner inconsistent with the manufacturer's specifications and contrary to the manner demonstrated by the manufacturer's representative for Radian's benefit at the project site. As installed, the siding will not be warranted by the manufacturer for most of the building, and will allow water infiltration, and moisture build-up behind the siding due to lack of ventilation. Whether damage has already occurred will require destructive testing.
>
> Radian's negligent construction also has caused damage to drywall and paint. There are areas where paint is peeling, cracks have formed at drywall joints, both vertical and horizontal, and in many places drywall nails are popping out. These

> defects, on information and belief, are caused by either defectively constructed foundations or Radian allowing wood framing to get and stay wet during construction, or a combination of the two.
>
> Landscaping was negligently performed. The plans and specifications require 18 inches of planting medium in areas landscaped for water management. That material was not placed. In addition, when Martyn sought a permanent certificate of occupancy, it was denied because there were too few plants in the landscape areas. The lack of plants was caused by either failure to provide planting medium, or by failure to plant enough plants, or a combination of the two.
>
> The concrete driveway, related asphalt parking lot, sidewalk, concrete entrance ramp and storm water drain, landscaping, parts of the sprinkler system, and most of the siding need to be replaced and installed as designed and per manufacturer's instructions to prevent damage to the building and landscaping of the project.

30. The breach of contract claim in the Amended Underlying Counterclaims seeks $112,599.32 from Radian and the negligence claim in the Amended Underlying Counterclaims seeks $125,000 from Radian.

31. An updated reservation of rights letter was sent to Radian by CBIC on April 21, 2020.

**FIRST CLAIM FOR RELIEF**

**(DECLARATORY JUDGMENT – DUTY TO DEFEND)**
**(AGAINST RADIAN)**

32. CBIC incorporates by reference all allegations set forth above.

33. An actual controversy exists between CBIC and Radian regarding whether CBIC has a duty to defend Radian against the claims in the Amended Underlying Counterclaims under the Policy. Namely, CBIC does not believe it owes a duty to defend Radian, but Radian apparently believes it is owed a defense from CBIC. (CBIC also does not owe a duty to defend Radian against the Underlying Counterclaims. However, because CBIC is defending Radian, and because the Underlying Counterclaims is no longer the operative pleading against Radian, it is not at issue at this time).

34. Pursuant to 28 U.S.C. § 2201, CBIC is entitled to a declaration by this Court of its rights and duties related to the defense of Radian against the claims in the Amended Underlying Counterclaims under the Policy.

**SECOND CLAIM FOR RELIEF**

**(DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)**
**(AGAINST ALL DEFENDANTS)**

35. CBIC incorporates by reference all allegations set forth above.

36. An actual controversy exists between CBIC on the one hand and Radian, Martyn, Martyn Properties and Pacific Rim on the other regarding whether CBIC has a duty to indemnify Radian against any potential judgment arising out of the claims in the Amended Underlying Counterclaims under the Policy. Namely, CBIC does not believe it owes a duty to indemnify Radian for any potential judgment arising out of the Amended Underlying Counterclaims, but Radian apparently believes it would be owed indemnity from CBIC. Further CBIC does not believe it can owe any potential payment to Martyn, Martyn Properties and/or Pacific Rim as potential judgment creditors related to the Contract or the facts at issue in the Amended Underlying Counterclaims under the Policy, but Martyn, Martyn Properties and/or Pacific Rim apparently disagree.

37. Pursuant to 28 U.S.C. § 2201, CBIC is entitled to a declaration by this Court of its rights and duties related to the indemnity of Radian against the claims in the Amended Underlying Counterclaims under the Policy.

38. To prevent Radian from having to litigate facts that may be in dispute in the Amended Underlying Counterclaims, CBIC will refrain in this declaratory judgment action from litigating, regarding the duty to indemnify, factual issues except those regarding the Oregon – Special Condition Endorsement until such time that the facts relevant to other Policy terms,

conditions and exclusions are determined by the Underlying Lawsuit. Even so, due to the application of the Special Condition Endorsement, CBIC has no duty to perform under the Policy. CBIC reserves the right to move on indemnity, in this declaratory judgment lawsuit, based on any other Policy term, condition or exclusion, should any other factual issue be decided or resolved in the Underlying Lawsuit.

**REQUEST FOR RELIEF**

WHEREFORE, CBIC prays for judgment as follows:

1. For a declaration that CBIC does not owe Radian a defense against the Amended Underlying Counterclaims under the Policy;

2. For a declaration that CBIC does not owe Radian indemnity against the Amended Underlying Counterclaims under the Policy;

3. For a declaration that CBIC cannot owe Martyn, Martyn Properties and/or Pacific Rim any payment as potential judgment creditors related to the Contract or the facts at issue in the Amended Underlying Counterclaims under the Policy;

4. For such other relief that the Court deems just and proper.

DATED this 2nd day of April, 2021.

BETTS, PATTERSON & MINES, P.S.

By /s/ David P. Rossmiller

**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@bpmlaw.com
**Elissa M. Boyd, OSB No. 111679**
Email: eboyd@bpmlaw.com
Telephone: (503) 961-6338
Facsimile: (503) 961-6339

*Attorneys for Plaintiff Contractors Bonding and Insurance Company*