IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONTRACTORS BONDING AND INSURANCE COMPANY, an Illinois corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>RADIAN CONSTRUCTION CORPORATION, an Oregon corporation; MICHAEL MARTYN, an individual; MARTYN PROPERTIES, LLC, an Oregon LLC; and PACIFIC RIM MARTIAL ARTS ACADEMY, LLC, an Oregon LLC,<br><br>        Defendants. | Case No. 3:21-cv-00497-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Contractors Bonding and Insurance Company ("CBIC") filed this declaratory judgment action against defendants Radian Construction Corporation ("Radian"), Michael Martyn ("Martyn"), Martyn Properties, LLC ("Martyn Properties"), and Pacific Rim Martial Arts Academy, LLC ("Pacific Rim") (together, "Defendants"). Before the Court is CBIC's motion for partial summary judgment on its sole (and only outstanding) claim against Martyn, Martyn Properties, and Pacific Rim (together, the "Martyn Parties"). *See* FED. R. CIV. P. 56. Under that

PAGE 1 – FINDINGS AND RECOMMENDATION

claim, CBIC seeks a declaration that it owes no duty to indemnify its insured, Radian, against Martyn's counterclaims in *Radian Construction Corp. v. Martyn Properties*, No. 17-cv-50743 (Wash. Cnty. Cir. Ct. filed Nov. 17, 2017) (hereinafter, the "Underlying Lawsuit"). *See* 28 U.S.C. § 2201.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), but not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636.[1] For the reasons explained below, the Court recommends that the district judge grant CBIC's motion for partial summary judgment.

## BACKGROUND

### I. THE POLICIES

CBIC issued three separate Commercial General Liability Policies (the "Policies") to Radian for successive twelve-month periods from June 17, 2015 to June 17, 2018.[2] (Decl. David Rossmiller Supp. Contractors Bonding & Ins. Co.'s Mot. Partial Summ. J. ("Rossmiller Decl.") ¶¶ 2-4, ECF No. 36; *id.* Ex. A at 1-62, ECF No. 36-1; *id.* Ex. B at 1-121, ECF No. 36-2; *id.* Ex. C

---

[1] The Court has subject matter jurisdiction over this declaratory judgment action because there is complete diversity between CBIC and Defendants and the amount in controversy exceeds $75,000. *See Contractors Bonding & Ins. Co. v. Radian Constr. Corp.*, No. 3:21-cv-00497-SB, 2021 WL 5927682, at *1 (D. Or. Nov. 29, 2021) (same), *findings and recommendation adopted*, 2021 WL 5925962 (D. Or. Dec. 15, 2021); *see also Negrete v. City of Oakland*, 46 F.4th 811, 820 (9th Cir. 2022) ("[I]n enacting the federal Declaratory Judgment Act, Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. Declaratory relief [can] only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provide[] foundation for resort to the federal courts.") (simplified); *Certain Underwriters at Lloyd's of London v. Sterling Custom Homes, Inc.*, 705 F. App'x 259, 261 (5th Cir. 2017) (addressing an insurer's declaratory judgment action, and noting that "subject matter jurisdiction based on diversity exist[ed] under 28 U.S.C. § 1332").

[2] The parties do not dispute the relevant factual and procedural background. (*See, e.g.*, Martyn Defs.' Resp. Pl.'s Mot. Partial Summ. J. ("Defs.' Resp.") at 2, ECF No. 39, explaining that unlike the "application of the law to the facts," the relevant underlying "facts are not disputed").

PAGE 2 – FINDINGS AND RECOMMENDATION

at 1-63, ECF No. 36-3.) The Policies include an "Oregon – Special Condition Endorsement" (the "Special Condition Endorsement"), which "changes" and "modifies [the] insurance provided under the [Policies]." (*Id.* Ex. A at 55, Ex. B at 114, Ex. C at 54) (bold typeface and all caps omitted).

The Special Condition Endorsement provides that three "conditions for coverage are added to and form part of the [Policies]." (*Id.*) The three additional "conditions for coverage" require the insured to obtain certificates of insurance from all subcontractors, obtain hold harmless agreements from subcontractors, and be named as an additional insured on all subcontractors' general liability policies:

> 1. Certificates of insurance with limits of liability for each occurrence equal to or greater than those provided by this policy will be obtained from all subcontractors prior to commencement of any work performed for the insured.
>
> 2. Insured will obtain hold harmless agreements from subcontractors indemnifying against all losses to the extent they arise out of the fault of the subcontractor or the subcontractor's agents, representatives[,] or subcontractors.
>
> 3. Insured will be named as [an] additional insured on all subcontractors['] general liability policies.
>
> Nothing herein contained shall be held to vary, alter, waive[,] or extend any of the terms of the conditions, provisions, agreements[,] or limitations of the above mentioned Policy, other than as above stated.

(*Id.*)

## II. THE UNDERLYING LAWSUIT

Radian filed the Underlying Lawsuit against the Martyn Parties and others on November 17, 2017. (*Id.* Ex. D at 1-22, ECF No. 36-4.) In its complaint, Radian alleged that it entered into a construction contract with Martyn on November 14, 2015, under which Martyn agreed to pay Radian to perform remodel work on a commercial structure in Tigard, Oregon. (*Id.* at 1-3.)

PAGE 3 – FINDINGS AND RECOMMENDATION

Radian alleged that Martyn Properties owned the structure, Pacific Rim had an "estate in the [structure] and/or the [i]mprovement[s]," Radian started its work on October 15, 2016 and completed its work on August 17, 2017, and Radian filed a construction lien because Martyn did not pay Radian. (*Id.* at 3-4, 12.) Based on these allegations, Radian asserted a claim for breach of contract against Martyn and a claim for foreclosure of a construction lien against the Martyn Parties. (*Id.* 4-8.)

On December 20, 2017, the Martyn Parties filed an answer and affirmative defenses, and Martyn filed counterclaims against Radian for breach of contract and negligence. (*Id.* Ex. F at 1-7, ECF No. 36-6.) Martyn alleged that Radian breached the construction contract by failing to "perform some contract work without offering a credit," failing adequately to "perform[] landscaping, asphalt, concrete[,] and siding work," and failing to perform "punch list work[.]" (*Id.* at 4-6.)

Radian tendered Martyn's counterclaims to its insurer, CBIC, which accepted the defense in a reservation of rights letter dated January 23, 2018.[3] (*Id.* Ex. G at 1-15, ECF No. 36-7.) One month later, on February 22, 2018, Radian filed a third-party complaint against several subcontractors that had "written and/or oral contracts" with Radian and performed the work that was the subject of Martyn's counterclaims against Radian. (*Id.* Ex. E at 1-38, ECF No. 36-5.) In support of its claims against the subcontractors for breach of contract, contribution, and indemnity, Radian alleged that it "substantially denie[d] Martyn's allegations," but if Martyn

---

[3] CBIC later issued a letter supplementing and amending its reservation of rights. (*Id.* Ex. G at 1-15.) CBIC counsel's declaration and CBIC's motion state that this follow-up letter to Radian is "dated April 21, 2018" and took effect "on April 21, 2018." (Rossmiller Decl. ¶ 8, citing Rossmiller Decl. Ex. G; Contractors Bonding & Ins. Co.'s Mot. Partial Summ. J. ("Pl.'s Mot.") at 7, ECF No. 35, citing Rossmiller Decl. ¶ 8.) However, CBIC's letter supplementing and amending its reservation of rights is dated "April 21, 2020." (Rossmiller Decl. Ex. G at 1-15.)

PAGE 4 – FINDINGS AND RECOMMENDATION

prevailed on his counterclaims against Radian, the subcontractors were "liable to Radian for all damages caused by their own work, materials[,] or supervision, including Radian's costs." (*Id.* at 4-5.)

On June 20, 2018, the Martyn Parties filed an amended answer and affirmative defenses, and Martyn filed amended breach of contract and negligence counterclaims against Radian. (*Id.* Ex. H at 1-9, ECF No. 36-8.) Martyn based his amended counterclaims on the same allegations, but sought additional damages. (*Compare id.* at 5-7, *and id.* Ex. F at 4-6.)

### III.  THE PRESENT ACTION

CBIC filed this declaratory judgment action against Defendants on April 2, 2021. (Compl. at 1-13, ECF No. 1.) Under its first claim against Radian, CBIC sought a declaration that it owed no duty to defend Radian against Martyn's counterclaims in the Underlying Lawsuit. (*Id.* at 11-12.) Under its second claim against Defendants, CBIC sought a declaration that it owed no duty to indemnify Radian against Martyn's counterclaims, and in turn did not owe any "payment to [the Martyn Parties] as potential judgment creditors related to the [construction contract] or the facts at issue in [Martyn's counterclaims] under [Radian's] Polic[ies]," given Radian's alleged failure to comply with the Policies' Special Condition Endorsement. (*Id.* at 12-13.)

The Martyn Parties answered CBIC's complaint on May 17, 2021. (Answer & Affirmative Defenses at 1-6, ECF No. 13.) Radian's bankruptcy trustee accepted service on April 21, 2021, but Radian failed to appear or respond. (ECF Nos. 12, 18-19.) After the Clerk of Court entered default against Radian on August 11, 2021 (ECF No. 22), the Court granted CBIC's motion for default judgment and entered judgment declaring that CBIC did not owe Radian a defense in the Underlying Lawsuit, could immediately withdraw from defending Radian in the Underlying Lawsuit, and did not owe Radian any indemnification obligation under any policy for

any potential damages assessed against Radian in the Underlying Lawsuit. (ECF Nos. 27, 29-30.) On June 13, 2022, CBIC filed its motion for partial summary judgment on its claim against the Martyn Parties.

## LEGAL STANDARDS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## DISCUSSION

CBIC argues that it is entitled to summary judgment on its second claim, in which it seeks a declaration that it owes no duty to indemnify Radian against Martyn's counterclaims, and in turn does not owe any payment to Radian's potential creditors, such as the Martyn Parties, because the Special Condition Endorsement was a condition precedent to coverage and it is undisputed that Radian failed to satisfy the conditions set forth in the Special Condition Endorsement. The Court agrees and, therefore, recommends that the district judge grant CBIC's motion.

///

///

PAGE 6 – FINDINGS AND RECOMMENDATION

**I.     CONDITIONS PRECEDENT VERSUS CONDITIONS OF FORFEITURE**

The parties' primary dispute concerns whether the Special Condition Endorsement is a "condition precedent" to coverage or a "condition of forfeiture." (*Compare* Pl.'s Mot. at 15-28 *and* Reply Defs.' Resp. ("Pl.'s Reply") at 4-11, ECF No. 40, *with* Defs.' Resp. at 2-11.)

**A.     Applicable Law**

"A condition precedent is a contractual condition that is based on 'an event, not certain to occur, which must occur, unless its nonoccurrence is excused, before performance under a contract becomes due.'"[4] *McBride v. State Farm Mut. Auto. Ins. Co.*, 386 P.3d 679, 687 (Or. Ct. App. 2016) (quoting *Wright v. State Farm Mut. Auto. Ins. Co.*, 196 P.3d 1000, 1007 n.14 (Or. Ct. App. 2008)).

By contrast, "[a] condition of forfeiture disallows claims that otherwise are covered under a policy." *Id.* (quoting *Richardson v. Guardian Life Ins. Co. of Am.*, 984 P.2d 917, 924 (Or. Ct. App. 1999)). According to the Oregon Court of Appeals, "[e]xamples of conduct by the insured that triggers a condition of forfeiture include the filing of a false statement; failure to protect the insured property; vacating a building after issuance of a fire insurance policy; and failing to obtain the insurer's consent before settling a claim." *Id.* (quoting *Richardson*, 984 P.2d at 924). Notably, "a condition of forfeiture . . . potentially result[s] in the loss of benefits if the insurance company proves it has suffered prejudice." *Id.* at 686 (citing *Wright*, 196 P.3d at 1007-08); (*see also* Pl.'s Reply at 3, agreeing that "prejudice is required . . . for conditions of forfeiture").

---

[4] There is no dispute that the Court has diversity jurisdiction and therefore must apply Oregon law to the construction and interpretation of the Policies. *See, e.g.*, *Alexander Mfg., Inc. Emp. Stock Ownership Plan & Tr. v. Ill. Union Ins. Co.*, 560 F.3d 984, 986 (9th Cir. 2009) ("We have diversity jurisdiction, so we must follow Oregon law with respect to the interpretation of the insurance policy." (citing *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 209 (9th Cir. 1980))).

PAGE 7 – FINDINGS AND RECOMMENDATION

In *Probuilders Specialty Insurance Co. v. Phoenix Contracting, Inc.*, 743 F. App'x 876, 877 (9th Cir. 2018), the Ninth Circuit addressed a similar policy endorsement in affirming a decision from this district. In that declaratory judgment action, the insured's "policy provided that 'as a condition precedent' to the policy's application to 'any claim in whole or in part based upon work performed by [the insured's] independent contractors,' [the insured] must have obtained specified indemnity agreements and [additional insured] certificates from such contractors." *Id.* Applying Oregon law, the Ninth Circuit explained that "[t]his condition precedent (referred to as the Contractors Special Conditions or CSC endorsement) [was] not a condition of forfeiture, because it d[id] not operate to 'nullif[y] otherwise pre-existing coverage.'" *Id.* (quoting *McBride*, 386 P.3d at 687). The Ninth Circuit added that because there was no dispute that the insured "failed to fulfill the condition precedent," the policy did not apply to the claims in the underlying lawsuit alleging that the insured "negligently and in violation of its construction contract failed 'to properly oversee and check work done by subcontractors,' which were the only claims aimed at [the insured]." *Id.* As a result, the Ninth Circuit held that the insurer "had no duty to defend or indemnify," and therefore the district court did not err in granting summary judgment in favor of the insurer. *Id.*

Similar to the policy endorsement at issue in *Probuilders*, the Special Condition Endorsement here "modifie[d]" Radian's insurance policies and "added" three "conditions for coverage." (Rossmiller Decl. Ex. A at 55, Ex. B at 114, Ex. C at 54.) Specifically, for coverage to apply, Radian must have (1) obtained specified certificates of insurance "from all subcontractors prior to commencement of any work performed for the insured," (2) obtained "hold harmless agreements from subcontractors indemnifying against all losses to the extent they arise out of the fault of the subcontractor or the subcontractor's agents, representatives[,] or

PAGE 8 – FINDINGS AND RECOMMENDATION

subcontractors," and (3) been "named as [an] additional insured on all subcontractors['] general liability policies." (*Id.*)

Furthermore, and like the situation presented in *Probuilders*, there is no dispute that Radian failed to satisfy the requirements set forth in the Special Condition Endorsement. First, it is undisputed that the Martyn Parties failed to answer or object to CBIC's requests for admission, which addressed whether Radian met the Special Condition Endorsement's requirements. (*See* Rossmiller Decl. Ex. I at 1-9, ECF No. 36-9, Ex. J at 1-9, ECF No. 36-10, Ex. K at 1-9, ECF No. 36-11; Pl.'s Mot. at 4, 9-10, 18, 20-21, 23; *cf.* Defs.' Resp. at 1-11.) In fact, the Martyn Parties do not dispute or even address CBIC's claim that the Martyn Parties' failure to answer or object to CBIC's requests for admission amounts to a "conclusive[] admi[ssion] that Radian did not provide [the Martyn Parties] with any evidence that Radian fully met the requirements of the Special Condition Endorsement[.]" (*Compare* Pl.'s Mot. at 9, *with* Defs.' Resp. at 1-11); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("It is undisputed that failure to answer or object to a proper request for admission is itself an admission: [Rule 36(a)] itself so states."); FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Second, the Martyn Parties do not dispute or address in their response to the motion CBIC's argument that there is no genuine issue of fact that Radian failed to comply with the Special Condition Endorsement. (*Compare* Pl.'s Mot. at 20-23 *with* Defs.' Resp. at 1-11.) Thus, if CBIC is correct that the Special Condition Endorsement is a condition precedent to coverage, the Court must grant CBIC's motion. *See Probuilders*, 743 F. App'x at 877 (recognizing that there was no dispute that the insured failed to fulfill a condition precedent, and holding that the insurer had no

PAGE 9 – FINDINGS AND RECOMMENDATION

duty to defend or indemnify the insured against claims that it "negligently and in violation of its construction contract failed 'to properly oversee and check work done by subcontractors'").

### B.     Law of the Case

Before reaching the merits, the Court must first address CBIC's suggestion that in light of the default judgment the Court entered against Radian, the law-of-the-case doctrine precludes the Martyn Parties from arguing that the Special Condition Endorsement is a condition of forfeiture. (*See, e.g.*, Pl.'s Reply at 2, suggesting that the Martyn Parties' opposition is "untimely" and "waived" and that the Court's "condition precedent" finding is "the law of this case"). As explained below, the Court disagrees that the law-of-the-case doctrine precludes the Martyn Parties' argument.

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (simplified). CBIC claims that in light of the default judgment entered against Radian and the Court's related findings, the Special Condition Endorsement's status as a condition precedent is the law of this case. *See generally Radian*, 2021 WL 5927682, at *2-3 (noting that courts must accept well-pleaded factual allegations as true upon entry of default, assessing the factors relevant to entering default judgment, including the possibility of a dispute concerning material facts, and stating that "the coverage dispute . . . appear[ed] to turn on whether Radian met the conditions precedent to coverage," that "Radian did not appear to defend this action," and that "the Court must therefore accept as true CBIC's well-pleaded allegations that Radian failed to satisfy the conditions precedent").

An order or decision that adjudicates "fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties*

PAGE 10 – FINDINGS AND RECOMMENDATION

*and may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Bank of Am., N.A. v. Twilight Homeowners Ass'n*, No. 20-15713, 2022 WL 822116, at *1 (9th Cir. Mar. 17, 2022) (quoting FED. R. CIV. P. 54(b)). As such, "a default judgment [can] be reconsidered under Rule 54(b) while further litigation in the action continues[.]" *Id.* It is also "well established that '[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case.'" *Id.* (quoting *Askins*, 899 F.3d at 1042).

Consistent with this understanding, the Ninth Circuit recently rejected a plaintiff's argument that "in light of [a] default judgment entered against [one of the defendants], the law-of-the-case doctrine or mootness precluded the district court from granting summary judgment to [a non-defaulting defendant]." *Id.* The Ninth Circuit explained that if the plaintiff's argument as to "the law-of-the-case doctrine were correct, it would mean that a single defendant's default would decide the merits of the case for all similarly situated, non-defaulting defendants[, which] would be inconsistent with the text of Rule 54(b) and [circuit] caselaw." *Id.* The Ninth Circuit added that "because the default judgment against [one defendant] did not dictate a final resolution of the [relevant] claim that [the plaintiff] asserted against both [the defaulting and non-defaulting defendant], there was still a live controversy among those parties, and that claim was not moot." *Id.*

Pursuant to Ninth Circuit authority, the law-of-the-case doctrine does not prevent this Court from further considering or reconsidering any prior findings related to the Special Condition Endorsement, nor the Martyn Parties from challenging whether the Special Condition Endorsement is a condition precedent or condition of forfeiture.

///

PAGE 11 – FINDINGS AND RECOMMENDATION

C.     Analysis

The Court turns to the merits of the parties' dispute as to the proper characterization of the Special Condition Endorsement.

In Oregon, "[t]he interpretation of an insurance policy is a question of law." *Probuilders Specialty Ins. Co., RRG v. Phx. Contracting, Inc.*, No. 6:16-cv-00601-AA, 2017 WL 11536056, at *3 (D. Or. Jan. 2, 2017) (citation omitted), *aff'd*, 743 F. App'x 876 (9th Cir. 2018). According to the Oregon Supreme Court, "[t]he primary and governing rule of the construction of insurance [policies] is to ascertain the intent of the parties based on the terms and conditions of the policy." *Id.* (simplified). If the insurance policy is unambiguous, the Court must interpret the policy in accordance with its plain meaning. *Id.*

In *Probuilders*, for example, the district court addressed a similar endorsement in a contractor's insurance policy and found "no textual ambiguity" because "[t]he endorsement label[ed] the three requirements as 'conditions precedent' to coverage for 'any claim' based 'in whole or in part' on the work of independent contractors." *Id.* The Ninth Circuit agreed. *See Probuilders*, 843 F. App'x at 877. Similarly here, the Special Condition Endorsement "modifies" the Policies by "add[ing]" three "conditions for coverage." (Rossmiller Decl. Ex. A at 55, Ex. B at 114, Ex. C at 54.) All three "conditions for coverage," which "form part of" the Policies, require the insured to take steps to ensure any subcontractors' insurance coverage. (*Id.*)

The Court finds that the Special Condition Endorsement is unambiguous. It clearly states, among other things, that as "conditions for coverage," the insured must obtain certificates of insurance and hold harmless agreements from subcontractors and be named as an additional insured on all subcontractors' general liability policies. Thus, it is clear from the plain language of the Policies that satisfaction of the Special Condition Endorsement is a condition precedent to coverage if a construction project involves subcontractors.

PAGE 12 – FINDINGS AND RECOMMENDATION

The Martyn Parties disagree and focus on cases stating that "[a] condition of forfeiture exists when there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage." (Defs.' Resp. at 8, quoting *McBride*, 386 P.3d at 688.) The Martyn Parties argue that the Special Condition Endorsement is a condition of forfeiture because "[t]here is coverage under the policies for property damage . . . , but if a subcontractor performed the work and Radian did not get the certificates of insurance [nor satisfy the other conditions], the coverage that otherwise exists for property damages might be forfeited (upon a showing of prejudice)." (*Id.*)

The Martyn Parties fail adequately to explain how their argument accounts for the unambiguous statement in the Policies that as "conditions *for coverage*," the insured must obtain certificates of insurance and hold harmless agreements from subcontractors and be named as an additional insured on all subcontractors' general liability policies. If the insured must, but failed to, obtain the required assurances from subcontractors, and, as the Martyn Parties suggest, the "subcontractor [still] performed the work," the insured's acts could not nullify the coverage for the subcontractor's work because coverage did not exist in the first place. *See Probuilders*, 743 F. App'x at 877 (explaining that if an endorsement does not operate to nullify otherwise pre-existing coverage, it is a condition precedent, not a condition of forfeiture).

The Martyn Parties also argue that there is "no case in Oregon courts where a requirement, limit, or condition in a policy that was fully formed and in force has been held to be a 'condition precedent of coverage' in the sense of a condition that means the policy was never formed and no duty under the policy exists." (Defs.' Resp. at 7.) Even if there is no Oregon case directly on point, a district judge in this district addressed a similar endorsement in an insurer's declaratory judgment action in *Probuilders*, applied Oregon law, and concluded that the insurer

PAGE 13 – FINDINGS AND RECOMMENDATION

did not owe the insured any duty to defend or indemnify. *See Probuilders*, 2017 WL 11536056, at *1-5. The Ninth Circuit affirmed on appeal. *See Probuilders*, 743 F. App'x at 877.

The Martyn Parties' attempt to distinguish *Probuilders* is unpersuasive. The Martyn Parties focus on the absence of the language "[a]s a condition precedent to this policy applying to any claim" in the Special Endorsement, as compared to the endorsement in *Probuilders*. (*See* Defs.' Resp. at 9); *see also Probuilders*, 2017 WL 11536056, at *1 (describing the endorsement). But the Special Condition Endorsement here uses the language "conditions for coverage." By its plain language, the endorsement is clearly a "condition" the insured must satisfy "for coverage," and any contrary interpretation would be inconsistent with the endorsement's unambiguous language.

In summary, the Court finds that (1) the Special Condition Endorsement is a condition precedent, (2) because it is undisputed that Radian did not satisfy the Special Condition Endorsement, the Policies do not provide coverage for the claims at issue in the Underlying Lawsuit; and thus (3) CBIC has no duty to defend or indemnify Radian and, in turn, no duty to pay Radian's potential creditors. Accordingly, the Court recommends that the district judge grant CBIC's motion for partial summary judgment.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT CBIC's motion for partial summary judgment (ECF No. 35).

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due

within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of November, 2022.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge